RECEIVED
IN LAKE CHARLES, LA.
DEC -5 2014
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RUBY MONTOU, | * | CIVIL ACTION NO. 2:13-cv-3044 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| DOLGENCORP, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

*******************************************************************

## MEMORANDUM RULING

Before the court is the Report and Recommendation [Doc. 17] and Memorandum Order [Doc. 16] of the Magistrate Judge, to which the plaintiff has filed an Objection [Doc. 18], and the defendants have filed a Reply [Doc. 20]. For the following reasons, the Report and Recommendation [Doc. 17] is **AMENDED, IN PART,** and **AFFIRMED,** as amended.

## FACTS & PROCEDURAL HISTORY

The court herein adopts the factual findings set forth by the Magistrate Judge.[1] Pertinent to this discussion is that the plaintiff was shopping at the Dollar General store in Oberlin, Louisiana, when she tripped over an empty pallet left on the floor by Bryan Leger, an employee for Coca-Cola.[2] On the day of the accident, Leger's responsibilities for Coca-Cola included delivering, stacking, and arranging Coca-Cola products.[3]

The plaintiff filed suit on September 16, 2013, in the 33rd Judicial District Court in and for Allen Parish, Louisiana.[4] Dolgencorp, LLC, removed the action to this court on November

---

[1] *See* Mem.. Order [Doc. 16], 1-3.
[2] *Id.* at 1-2.
[3] *Id.* at 9.
[4] Pl.'s Ex. 1, Pl.'s First Supp. and Am. Pet. for Damages [Doc. 10-2].

1

11, 2013, on the basis of diversity of citizenship.[5] The plaintiff thereafter filed a motion to remand alleging, among other things, that Bryan Leger was properly joined, and therefore, the parties were not diverse.[6] On July 21, 2014, the Magistrate Judge denied the plaintiff's motion to remand and recommended that Bryan Leger be dismissed from the action, finding no reasonable basis for recovery against that defendant.[7]

## LAW & ANALYSIS

### I. Standard of Review

Magistrate Judges are statutorily empowered to "hear and determine" non-dispositive pretrial matters when designated to do so by the District Judge. *See* 28 U.S.C. § 636(b)(1)(A). The District Judge may "reconsider any pretrial matter" when "it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id. See also* Fed. R. Civ. Pro. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (citation omitted).

In a remand motion, the removing party bears the burden of showing that federal jurisdiction exists. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R..R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). All factual allegations are viewed in the light most favorable to the

---

[5] Not. of Removal [Doc. 1].
[6] Mem. in Supp. of Mot. to Remand [Doc. 10-1], at 5-8.
[7] Mem. Order [Doc. 16]; and Report and Recommendation [Doc. 17].

plaintiff, and contested issues of substantive fact are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). There must be a reasonable, not merely theoretical, possibility of recovery for a plaintiff to succeed in defeating a claim of improper joinder. *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (citations omitted).

## II.  Whether Bryan Leger Was Improperly Joined[8]

Article 2315 states "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. Article 2320 provides the basis for *respondeat superior* in Louisiana: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. The article goes on to say that "responsibility *only* attaches, when the masters or employers . . . might have prevented the act which caused the damage, and have not done it." *Id.* (emphasis added). Strictly construed, these statutes provide that all employees are responsible for damages caused by their fault unless the victim is injured during the course of the employee's employment under circumstances in which the employer could have prevented the act and failed to do so.

*Canter v. Koehring* addresses the issue of when an employee is individually liable to a third person damaged *solely by reason* of the individual's breach of the employment-imposed duty. *Canter v. Koerhing*, 283 So.2d 716, 721 (La. 1973) (emphasis added). *Canter* does not provide the exclusive circumstances for finding an employee liable. Most of the cases citing to *Canter* as the basis for liability involve managers and other supervisors who did not commit the faulty acts that led to damages. *See Henry v. O'Charley's Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012) (applying *Canter* when suit was brought against restaurant manager and there was no allegation that manager spilled anything on the floor); and *Carino v. Wal-Mart Louisiana, LLC*,

---

[8] The court herein adopts the Magistrate Judge's conclusion that removal was timely. *See* Mem. Order [Doc. 16].

Civ. A. 05-1978, 2006 WL 335784 *2-3 (W.D. La. Feb. 9, 2006) (suit against manager after customer bit by snake in gardening department with no allegation that manager placed snake in the plant). Because there is no allegation that Leger's fault is attributable to his role as a supervisor or manager, the Magistrate Judge was correct in finding *Canter* inapplicable.[9]

Therefore, any possibility of recovery against Leger would be grounded in a negligence action under Louisiana law. *See, e.g., Crooks v. Nat'l Union Fire Ins. Co.*, 620 So.2d 421, 424-25 (La. Ct. App. 1993). A negligence action consists of a four-prong inquiry:

I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?

II. Did the defendant owe a duty to the plaintiff?

III. Was the duty breached?

IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

*Roberts v. Benoit*, 605 So.2d 1032, 1042 (La. 1991) (citations omitted). The existence of a duty and the scope of that duty are questions of law, and whether the duty was breached is a question of fact. *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292-93 (La. 1993); and *Dupre v. Chevron U.S.A. Inc.*, 913 F.Supp. 473, 476 (E.D. La. 1996).

The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Meany v. Meany*, 639 So.2d 229, 233 (La. 1994). "There is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another. In some cases, the duty is refined more specifically that the defendant must conform his or her conduct to some specially defined standard of behavior." *Boykin v. Louisiana Transit Co.*, 707 So. 2d 1225, 1231 (La. 1998). The issue of whether duty exists is normally raised when there is a "categorical rule excluding liability as to whole categories of claimants or of claims."

---

[9] *See* Mem. Ruling [Doc. 16], at 9-10.

4

*Fowler v. Roberts,* 556 So.2d 1, 7 (La. 1989), *reh. granted on other grounds and original opinion reinstated as supplemented,* 556 So.2d 13 (La. 1990), *superseded by statute on other grounds as stated in Persilver v. Louisiana Dept. of Transp.,* 592 So.3d 1344, 1347 n. 2 (La. Ct. App. 1991). *Scope of duty* is more appropriately raised when there is a "fact-sensitive case that may require limitation of the 'but for' consequences of the defendant's substandard conduct." *Id.*

Bryan Leger had a duty in this case—to act as a reasonably prudent person to avoid injury to another person. This is not a duty arising peculiarly from his job; it is the duty of all persons. Therefore, Leger had a duty not to pose an unreasonable risk of harm when placing the pallet in the aisle. It would be anachronistic to hold that an employee does not have a duty to other persons to act as a reasonable and prudent person.

"There is no 'rule' for determining the scope of duty." *Roberts v. Benoit,* 605 So.2d 1032, 1044 (La. 1991). The inquiry considers "whether the enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising *in this manner.*" *Id.* at 1044-45 (citation omitted) (emphasis in original). Intrinsic to this consideration is the determination of how easily the plaintiff's harm can be associated with the defendant's conduct. *Id.* Foreseeability is encompassed within the idea of ease of association. *Id.*

The plaintiff alleges that as a result of Leger's placement of the pallet, she tripped over the pallet and sustained multiple injuries. This type of injury is closely associated with the placement of the pallet. It could be argued that tripping over the pallet would be the most likely injury-causing outcome. Whether or not Leger failed to conform to the standard of care of other deliverymen in placing the pallet such that Leger breached his duty to the plaintiff is a question of fact for the jury. *See, e.g., Meany,* 639 So.2d at 234-35. Therefore, the defendants have not

borne their burden and shown that no reasonable chance of recovery exists against Leger. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Remand [Doc. 10] be and hereby is **GRANTED.**

Lake Charles, Louisiana, this _4_ day of _Dec_, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE